

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 APR 11 PM 4: 52

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 05-020

VERSUS                                                    SECTION "I"

KAREN DAWN DROULIA                            MAG 5

### MOTION FOR BILL OF PARTICULARS

Now into this Honorable Court, through undersigned counsel, comes the defendant, KAREN

DAWN DROULIA, who respectfully moves the Court, pursuant to Rule 7(f) of the Federal Rules of

Criminal Procedure, for an Order commanding the Government to provide a written Bill of Particulars,

so that she may understand and receive notice of the conduct with which she is charged, properly and

intelligently prepare her defense, avoid/reduce prejudicial surprise, and avoid being twice placed in

jeopardy should the instant prosecution result in acquittal or conviction.   Mover specifically prays that

the Court order the Government to provide the following information:

1.       Names, including aliases and nicknames, of all unnamed and unindicted co-conspirators known

1



Fee_____
Process_____
X/ Dktd_____
CtRmDep_____
Doc. No_____

to the Grand Jury,  referred to in Count 1 of the Indictment as "other persons known .... to the Grand Jury".

2.      Names, including aliases and nicknames, of all unnamed and unindicted co-conspirators unknown to the Grand Jury but known to the Government, referred to in Count 1 of the Indictment as "other persons .... unknown to the Grand Jury," irregardless of whether they became known to the Government before or after return of the Indictment herein.

3.      Exact date, time and location of any meetings or conversations in/at which mover joined the conspiracy described in Count 1 of the Indictment..

4.      Exact date, time and location of any meetings or conversations in/at which each and every other co-defendant and co-conspirator joined the conspiracy described in Count 1 of the Indictment.

5.      Exact date, time and location of any meetings, conversations or events at which mover left the conspiracy.

6.      Exact date, time and location of any meetings, conversations or events at which each and every co-defendant and co-conspirator left the conspiracy.

7.      Names, including aliases and nicknames, of all persons who were present at or participated in any meetings or conversations when mover allegedly joined the conspiracy described in Count 1 of the Indictment..

8.      Whether mover's agreement to join the conspiracy was express or implied.

9.      Precise description of the agreement that mover reached when she allegedly joined the conspiracy (in other words, precisely what did mover agree to do or perform as her part in the conspiracy?), and names, including aliases and nicknames, of any and all persons with whom mover

reached such agreement.

10.     Substance of the meeting(s)/conversation(s) at which mover allegedly agreed and joined the conspiracy.

11.     Precise description of the language, word(s) or deeds allegedly spoken/done/performed by mover which indicate that mover conspired with the other defendants and co-conspirators as charged in Count 1 of the Indictment.

12.     Names, including aliases and nicknames, and addresses of each person with whom mover is alleged to have directly conspired as part of the overall conspiracy charged in Count 1 of the Indictment.

13.     Precise date, time, and location of any meetings, conversations or events/occurrences at or in which mover allegedly participated in the conspiracy described in Count 1 of the Indictment.

14.     Names and last known addresses of any and all persons to whom mover allegedly intended to distribute Heroin as her part in the conspiracy to possess Heroin with the intent to distribute it charged in Count 1 of the Indictment.

15.     Precise role and activity that mover is alleged to have performed in the conspiracy

16.     First event and last event upon which the Government intends to rely as proof of mover's active participation in the conspiracy charged in Count 1 of the Indictment.

17.     Any acts which will be used to indicate knowledge or intent on the part of mover to conspire to possess Heroin *with the intent to distribute it.*

18.     Any acts, other than those acts described within the Indictment, which the Government intends to prove mover performed as a participant in or in furtherance of the Conspiracy charged in Count 1.

19.    Identity of any and all persons present at material transactions involving mover.

20.    Names and last known addresses of any and all persons to whom mover allegedly distributed Heroin, and precise date, time and location of each such distribution.

21.    Precise description, date, time and location of each act the proof of which the Government intends to introduce in evidence against mover and in which mover was allegedly a direct participant.

22.    Precise description of all locations encompassed within the allegation in Count 1 that the charged conspiracy occurred "in the Eastern District of Louisiana *and elsewhere*".

23.    Precise description of the date, time and location of the offensive conduct charged in Count 19 of the Indictment.

24.    Precise amount of Heroin allegedly possessed by mover as charged in Count 19 of the Indictment.

25.    Names and addresses of any and all persons to whom mover allegedly intended to distribute the Heroin she allegedly possessed as charged in Count 19 of the Indictment.

26.    Precise date, time and location of mover's alleged use of a telephone as charged in Count 30 of the Indictment.

27.    Precise description (i.e., telephone number and physical location) of the telephone allegedly used by mover as charged in Count 30 of the Indictment.

28.    Precise description of the manner in which mover allegedly "commit[ed], caus[ed] and facilitat[ed] the commission of a violation of" 21 USC 841(a)(1) and 846, all in violation of 21 USC 843(b) and 18 USC 2, as charged in Count 30 of the Indictment.

29.    Any other facts, information or evidence necessary to inform mover of the nature and cause of

4

the accusation in this case, or which would be helpful to her in the preparation of her defense thereto.

WHEREFORE, defendant KAREN DAWN DROULIA respectfully prays this Honorable Court for an order commanding the Government to file herein a Bill of Particulars and to answer, in writing, interrogatories 1 through 29 *supra*, as well as for any and all other such general and equitable relief as the cause and the interests of Justice may permit.

Respectfully submitted,

THE BAGERT LAW FIRM

BERNARD J. BAGERT, JR.  (Bar #02647)
650 Poydras Street, Suite 2708
New Orleans, Louisiana 70130
Telephone: (504) 523-1117
Facsimile: (504) 522-5406

And

Arthur A. Lemann, III (#8296)
938 Lafayette Street, Suite 200
New Orleans, Louisiana 70113
Telephone: 504-522-8104

Attorneys for Defendant, Karen Dawn Droulia

## CERTIFICATE OF SERVICE

I, Bernard J. Bagert, Jr., do herewith certify that I have on this 11th day of April, 2005, served

a copy of the above pleading by hand delivery to the Office of the U.S. Attorney, Hale Boggs Federal

Building, 500 Poydras Street, New Orleans, Louisiana, for the attention of Hon. John Murphy,

Assistant U.S. Attorney.

BERNARD J. BAGERT, JR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 05-020

VERSUS                                      SECTION "I"

KAREN DAWN DROULIA                          MAG. 5

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR BILL OF PARTICULARS**

MAY IT PLEASE THE COURT:

Now into this Honorable Court, through undersigned counsel, comes the defendant, KAREN

DAWN DROULIA, and respectfully presents this Memorandum of Law in support of her foregoing

Motion for Bill of Particulars made pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure.

I.

The proper scope and function of a bill of particulars is to minimize surprise and to enable

a defendant to obtain the factual information needed to prepare his defense, and to permit the

1

defendant to successfully plead double jeopardy if she should be prosecuted later for the same offense. *Wong Tai v. U.S.*, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927); *U.S. v. Nelson*, 606 F.Supp. 1378 (S.D.N.Y.1985).   Rule7(f)'s underlying purpose is not to cure defects in the Government's pleadings, but, rather, to "furnish the defendant further information respecting the charge in the indictment when necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial." *U.S. v. Smith*, 16 F.R.D. 372, 375 (W.D.Mo.1954); *Pipkin v. U.S.*, 243 F.2d 491 (5th Cir. 1957); *U.S. v. Bearden,* 423 F.2d 805, 809 (5th Cir.1970).   Accordingly, the facial validity of an indictment or information does not preclude grant of a Bill of Particulars. *U.S. v. Faulkner*, 53 F.R.D. 299, 310 (E.D.Wis.1971).   Furthermore, where the information sought is necessary for preparation of defendant's defense or to prevent surprise, the "accused is entitled to this as of right" even where the sought disclosure would be otherwise privileged. *U.S. v. Smith*, 16 F.R.D. 372 (W.D.Mo.1954)

II.

CO-CONSPIRATORS
(Requests Nos. 1 & 2)

Concerning conspiracy indictments, a bill of particulars was held to be the proper procedural device for discovering the names of unindicted co-conspirators whom the Government plans to use as witnesses. *U.S. v. Barrentine*, 591 F.2d 1069 (5th Cir. 1979).   Later cases have extended this rule to include *all* unnamed co-conspirators, to the extent known to the Government, and specifically noting the Government's continuing obligation to update this material as necessary. *U.S. v. Taylor*, 707 F.Supp. 696 (S.D.N.Y.1989).   See also: *U.S. v. Burgio*, 279 F.Supp. 843, 846 (S.D.N.Y.1968); *U.S. v. Feola*, 651 F.Supp. 1068, 1133 (S.D.N.Y.1987).

2

III.

## DROULIA'S ENTRY INTO AND PARTICIPATION IN THE CONSPIRACY
(Requests Nos. 3-22)

In *U.S. v. Taylor*, 707 F.Supp. 696 (S.D.N.Y.1989), a drug conspiracy case, the court,

granting such relief, stated:

> The Court does grant a bill of particulars on count I as follows, based on the Court's belief
> that such information is necessary to the preparation of the defendant's defense and to define
> the crime charged sufficiently to bar future prosecution for the same offense ....
> 1. The names of all persons whom the government will claim at trial were co-conspirators, to
> the extent known to the government.  The government is under a continuing obligation to update
> this material as necessary.  The government need not disclose the addresses of co-conspirators,
> though if incarcerated, that fact should be made known.
> 2. The dates, to the extent known, that each of the defendants allegedly joined the conspiracy.
> 3. The approximate dates and locations of any meetings or conversations at which the
> government will contend that Theodore Taylor joined the conspiracy.  Exact dates shall be
> given if known to the government.

Likewise, the date, time, place and manner in which a defendant is alleged to have become a member

of the charged conspiracy should on request be provided via Bill of Particulars. *U.S. v. Tanner*, 279

F.Supp.457, at pp. 474-476 (N.D.Ill.1967)   In *U.S. v. Feola*, 651 F.Supp. 1068, 1133

(S.D.N.Y.1987), the court held that there was no prejudice caused the government by its having to

disclose such facts crucial to defense preparation as:

> i.     The names of all persons whom the government will claim at trial were
> co-conspirators along with the requirement to keep its specifications current.
> ii.     To state whether or not any individual present during the commission of the
> alleged overt acts were acting for the government and to provide the name or names used or
> similar identifications of any such persons.
> iii.    To disclose the names, to the extent known, of all persons present when the
> overt acts and substantive acts allegedly took place.
> iv.     The exact dates the government will claim the defendant joined and ended the
> conspiracy and to require the government to disclose at trial any contention that any other
> defendant joined after the inception of the conspiracy.

3

      v.      Disclosure of the statement the government intends to rely on to show the agreement between the conspirators.

      vi.      The quantity of cocaine distributed and possessed to the extent the information will be presented at the trial by the government.

      vii.      The amount of money involved in the transaction during the alleged distribution of any drug transaction.

Similarly, conspiracy defendants have been held entitled via bill of particulars to:

      A.      The names of all persons the government will claim to have been co-conspirators to the extent such persons are known to the government.

      B.      The locations of acts set forth in the counts, to the extent performed by principals.

      C.      The place where the principal offense charged allegedly occurred.

*U.S. v. Mannino*, 480 F.Supp. 1182 (S.D.N.Y.1979); *U.S. v. Chovanec*, 467 F.Supp. 41

(S.D.N.Y.1979).

In *Will v. U.S.*, 389 U.S. 90, 19 L.Ed.2d 305, 88 S.Ct. 269 (1967), the Supreme Court held

that bill of particulars requests, seeking information concerning any of a defendant's oral statements

relied on by the Government to support its charge of criminal tax evasion, the names and addresses of

the persons to whom such statements were made and the time and place the statements were made, as

well as whether any witnesses to such statements were Government agents and whether any transcripts

or memoranda of statements had been prepared by witnesses and given to the Government, were not

improper on the theory that they called for a list of the Government's witnesses.

IV.

COUNTS 19 & 30 (THE "SUBSTANTIVE" COUNTS)
(Requests Nos. 23-28)

See: *U.S. v. Feola, supra*; *U.S. v. Mannino, supra*; and *U.S. v. Chovanec, supra*, cited and/

or quoted in Section III, *supra*.

4

For the foregoing reasons, defendant KAREN DAWN DROULIA respectfully submits that her requested Bill of Particulars should be granted as prayed for.

Respectfully submitted,

THE BAGERT LAW FIRM

BERNARD J.  BAGERT, JR.  (Bar #02647)
650 Poydras Street, Suite 2708
New Orleans, Louisiana 70130
Telephone: (504) 523-117
Facsimile  (504) 522-5406

And

Arthur A. Lemann, III (#8296)
938 Lafayette Street, Suite 200
New Orleans, Louisiana   70113
Telephone: 504-522-8104

Attorneys for Defendant, Karen Dawn Droulia

## CERTIFICATE OF SERVICE

I, Bernard J. Bagert, Jr., do herewith certify that I have, on this 11th day of April, 2005, served a copy of the above pleading by hand delivery to the Office of the U. S. Attorney, Hale Boggs Federal Building, 500 Poydras Street, New Orleans, Louisiana, for the attention of Hon. John Murphy, Assistant U.S. Attorney.

BERNARD J. BAGERT, JR.

:

5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 05-020

VERSUS                                      SECTION "I"

KAREN DAWN DROULIA                          MAG. 5

## NOTICE OF HEARING

PLEASE TAKE NOTICE that a hearing on the foregoing Motion attached hereto has been set

for hearing before the Honorable Louis Moore, Jr., Magistrate Judge, on Wednesday, April 27, 2005,

at 10:00 A.M., in Room B407, Hale Boggs Federal Building, 500 Poydras Street, New Orleans,

Louisiana 70130

Respectfully submitted,

THE BAGERT LAW FIRM

_____

BERNARD J. BAGERT, JR. (Bar # 02647)
650 Poydras Street, Suite 2708
New Orleans, Louisiana 70130
Telephone: (504) 523-1117
Facsimile: (504) 522=5406

And

Arthur A. Lemann, III
938 Lafayette Street, Suite 200
New Orleans, Louisiana 70113
Telephone: 504-522-8104

Attorneys for Defendant, Karen Dawn Droulia


## CERTIFICATE OF SERVICE

I, Bernard J. Bagert, Jr., do herewith certify that I have on this 11th day of April, 2005, served

\a copy of the above pleading by hand delivery to the Office of the U.S. Attorney, Hale Boggs Federal

Building, 500 Poydras Street, New Orleans, Louisiana, for the attention of Hon. John Murphy,

Assistant U.S. Attorney.

_____
BERNARD J. BAGERT, JR.