FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 APR 19  PM 3:18

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 05-020 |
| VERSUS | SECTION "I" |
| KAREN DAWN DROULIA | MAG 5 |

### GOVERNMENT'S ANSWER TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS

**NOW INTO COURT** comes the undersigned Assistant United States Attorney answering defendant's motion for a bill of particulars, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. The government notes that many of these requests are redundant questions and requests of information previously provided in comprehensive discovery production. The government has provided a substantial amount Jenks Act material, in addition to the Rule 16 discovery, that fully addresses most of the issues raised in this filing. Below the government provides information in bold following the defendant's enumerated request:

1. Names, including aliases and nicknames, of all unnamed and unindicted co-conspirators known to the Grand Jury, referred to in Count 1 of the Indictment as "other persons known .... to the Grand Jury".

**The defendant's request for the names and/or aliases of DEA criminal targets who have not yet been charged exceeds the discovery requirements of Federal Rules of Criminal Procedure, Rule 16. There are numerous targets who have either been identified or partially identified who may have been co-conspirators in this investigation and disclosure of such targets' identities, at this early stage of their investigation, would compromise the DEA criminal investigation of these individuals, endanger law enforcement officers**

1

conducting this investigation and those acting on behalf of law enforcement. Most importantly, this disclosure of ongoing and uncharged investigation information is not required under Rule 16.

  2. Names, including aliases and nicknames, of all unnamed and unindicted co-conspirators unknown to the Grand Jury but known to the Government, referred to in Count I of the Indictment as "other persons .... unknown to the Grand Jury," irregardless of whether they became known to the Government before or after return of the Indictment herein.

**The defendant's request for the names and/or aliases of DEA criminal targets who have not yet been charged exceeds the discovery requirements of Federal Rules of Criminal Procedure, Rule 16. There are numerous targets who have either been identified or partially identified who may have been co-conspirators in this investigation and disclosure of such targets identities, at this early stage of their investigation, would compromise the DEA criminal investigation of these individuals, endanger law enforcement officers conducting this investigation and those acting on behalf of law enforcement. Most importantly this disclosure of ongoing uncharged investigation information is not required under Rule 16.**

  3. Exact date, time and location of any meetings or conversations in/at which mover joined the conspiracy described in Count 1 of the Indictment.

**Dates, times and locations of meetings among the conspirators and while conspirators were acting alone are detailed in two sources previously provided to the defendant. First, the defendant has been provided with DEA 6s which document surveillance, controlled buys and other documented activities of the conspirators. Second, the defendant has been provided with a detailed summary of the case in a document title, "Factual Basis" which is attached to this government filing. Although the DEA 6s constitute Jenks Act material the government, as a matter of discresion, has provided this material to all defendants and their counsel to assist in understanding this case. As the government debriefs cooperating co-defendants and other witnesses other information related to this issue may be uncovered. The results of interviews with cooperating co-defendants and other witnesses is not discoverable under Rule 16 but may constitute Jenks to be provided in accord with our office's standard policy of providing Jenks Act material and <u>Giglio</u> material 48 hours prior to trial. Of course, should any <u>Brady</u> material be discovered it will be immediately be provided to the defendant and counsel.**

  4. Exact date, time and location of any meetings or conversations in/at which each and every other ca-defendant and co-conspirator joined the conspiracy described in Count 1 of the Indictment.

**Dates, times and locations of meetings among the conspirators and while conspirators were acting alone are detailed in two sources previously provided to the**

2

defendant. First, the defendant has been provided with DEA 6s which document surveillance, controlled buys and other documented activities of the conspirators. Second, the defendant has been provided with a detailed summary of the case in a document title, "Factual Basis" which is attached to this government filing. Although the DEA 6s constitute Jenks Act material the government, as a matter of discresion has provided this material to all defendants and their counsel to assist in understanding this case. As the government debriefs cooperating co-defendants and other witnesses other information related to this issue may be uncovered. The results of interviews with cooperating co-defendants and other witnesses is not discoverable under Rule 16 but may constitute Jenks to be provided in accord with our office's standard policy of providing Jenks Act material and <u>Giglio</u> material 48 hours prior to trial. Of course, should any <u>Brady</u> material be discovered it will be immediately be provided to the defendant and counsel.

5. Exact date, time and location of any meetings, conversations or events at which mover left the conspiracy.

There is no evidence that the defendant "left" or withdrew from the conspiracy. Dates, times and locations of meetings among the conspirators and while conspirators were acting alone are detailed in two sources previously provided to the defendant. First, the defendant has been provided with DEA 6s which document surveillance, controlled buys and other documented activities of the conspirators. Second, the defendant has been provided with a detailed summary of the case in a document title, "Factual Basis" which is attached to this government filing. Although the DEA 6s constitute Jenks Act material the government, as a matter of discresion, has provided this material to all defendants and their counsel to assist in understanding this case. As the government debriefs cooperating co-defendants and other witnesses other information related to this issue may be uncovered. The results of interviews with cooperating co-defendants and other witnesses is not discoverable under Rule 16 but may constitute Jenks to be provided in accord with our office's standard policy of providing Jenks Act material and <u>Giglio</u> material 48 hours prior to trial. Of course, should any <u>Brady</u> material be discovered it will be immediately be provided to the defendant and counsel.

6. Exact date, time and location of any meetings, conversations or events at which each and every co-defendant and co-conspirator left the conspiracy.

There is no evidence that any defendant "left" or withdrew from the conspiracy. Dates, times and locations of meetings among the conspirators and while conspirators were acting alone are detailed in two sources previously provided to the defendant. First, the defendant has been provided with DEA 6s which document surveillance, controlled buys and other documented activities of the conspirators. Second, the defendant has been provided with a detailed summary of the case in a document title, "Factual Basis" which is attached to this government filing. Although the DEA 6s constitute Jenks Act material the government, as a matter of discresion has provided this material to all defendants and their

counsel to assist in understanding this case. As the government debriefs cooperating co-defendants and other witnesses other information related to this issue may be uncovered. The results of interviews with cooperating co-defendants and other witnesses is not discoverable under Rule 16 but may constitute Jenks to be provided in accord with our office's standard policy of providing Jenks Act material and <u>Giglio</u> material 48 hours prior to trial. Of course, should any <u>Brady</u> material be discovered it will be immediately be provided to the defendant and counsel.

    7. Names, including aliases and nicknames, of all persons who were present at or participated in any meetings or conversations when mover allegedly joined the conspiracy described in Count 1 of the Indictment.

Dates, times and locations of meetings among the conspirators and while conspirators were acting alone are detailed in two sources previously provided to the defendant. First, the defendant has been provided with DEA 6s which document surveillance, controlled buys and other documented activities of the conspirators. Second, the defendant has been provided with a detailed summary of the case in a document title, "Factual Basis" which is attached to this government filing. Although the DEA 6s constitute Jenks Act material the government, as a matter of discresion has provided this material to all defendants and their counsel to assist in understanding this case. As the government debriefs cooperating co-defendants and other witnesses other information related to this issue may be uncovered. The results of interviews with cooperating co-defendants and other witnesses is not discoverable under Rule 16 but may constitute Jenks to be provided in accord with our office's standard policy of providing Jenks Act material and <u>Giglio</u> material 48 hours prior to trial. Of course, should any <u>Brady</u> material be discovered it will be immediately be provided to the defendant and counsel.

    8. Whether mover's agreement to join the conspiracy was express or implied.

Defendant's agreement was both express and implied as documented in the Title III wire-tap intercepts, DEA 6s and attached "Factual Basis."

    9. Precise description of the agreement that mover reached when she allegedly joined the conspiracy (in other words, precisely what did mover agree to do or perform as her part in the conspiracy?), and names, including aliases and nicknames, of any and all persons with whom mover 2 reached such agreement.

Dates, times and locations of meetings among the conspirators and while conspirators were acting alone are detailed in two sources previously provided to the defendant. First, the defendant has been provided with DEA 6s which document surveillance, controlled buys and other documented activities of the conspirators. Second, the defendant has been provided with a detailed summary of the case in a document title, "Factual Basis" which is attached to this government filing. Although the DEA 6s

constitute Jenks Act material the government, as a matter of discresion has provided this material to all defendants and their counsel to assist in understanding this case. As the government debriefs cooperating co-defendants and other witnesses other information related to this issue may be uncovered. The results of interviews with cooperating co-defendants and other witnesses is not discoverable under Rule 16 but may constitute Jenks to be provided in accord with our office's standard policy of providing Jenks Act material and <u>Giglio</u> material 48 hours prior to trial. Of course, should any <u>Brady</u> material be discovered it will be immediately be provided to the defendant and counsel.

10. Substance of the meetings)/conversation(s) at which mover allegedly agreed and joined the conspiracy.

**Dates, times, locations and nature of meetings among the conspirators and while conspirators were acting alone are detailed in two sources previously provided to the defendant. First, the defendant has been provided with DEA 6s which document surveillance, controlled buys and other documented activities of the conspirators. Second, the defendant has been provided with a detailed summary of the case in a document title, "Factual Basis" which is attached to this government filing. Although the DEA 6s constitute Jenks Act material the government, as a matter of discresion has provided this material to all defendants and their counsel to assist in understanding this case. As the government debriefs cooperating co-defendants and other witnesses other information related to this issue may be uncovered. The results of interviews with cooperating co-defendants and other witnesses is not discoverable under Rule 16 but may constitute Jenks to be provided in accord with our office's standard policy of providing Jenks Act material and <u>Giglio</u> material 48 hours prior to trial. Of course, should any <u>Brady</u> material be discovered it will be immediately be provided to the defendant and counsel.**

11. Precise description of the language, words) or deeds allegedly spoken/done/performed by mover which indicate that mover conspired with the other defendants and co-conspirators as charged in Count 1 of the Indictment.

**The DEA 6s, Title III wire-tap intercepts and Factual Basis describe the language, words and deeds, spoken, done and performed by the defendant and co-conspirators during the course of the conspiracy.**

12. Names, including aliases and nicknames, and addresses of each person with whom mover is alleged to have directly conspired as part of the overall conspiracy charged in Count 1 of the Indictment.

**Dates, times, locations and nature of meetings among the conspirators and while conspirators were acting alone are detailed in two sources previously provided to the defendant. First, the defendant has been provided with DEA 6s which document surveillance, controlled buys and other documented activities of the conspirators. Second,**

the defendant has been provided with a detailed summary of the case in a document title, "Factual Basis" which is attached to this government filing. Although the DEA 6s constitute Jenks Act material the government, as a matter of discresion has provided this material to all defendants and their counsel to assist in understanding this case. As the government debriefs cooperating co-defendants and other witnesses other information related to this issue may be uncovered. The results of interviews with cooperating co-defendants and other witnesses is not discoverable under Rule 16 but may constitute Jenks to be provided in accord with our office's standard policy of providing Jenks Act material and <u>Giglio</u> material 48 hours prior to trial. Of course, should any <u>Brady</u> material be discovered it will be immediately be provided to the defendant and counsel.

13. Precise date, time, and location of any meetings, conversations or events/occurrences at or in which mover allegedly participated in the conspiracy described in Count 1 of the Indictment.

Dates, times, locations and nature of meetings among the conspirators and while conspirators were acting alone are detailed in two sources previously provided to the defendant. First, the defendant has been provided with DEA 6s which document surveillance, controlled buys and other documented activities of the conspirators. Second, the defendant has been provided with a detailed summary of the case in a document title, "Factual Basis" which is attached to this government filing. Although the DEA 6s constitute Jenks Act material the government, as a matter of discresion has provided this material to all defendants and their counsel to assist in understanding this case. As the government debriefs cooperating co-defendants and other witnesses other information related to this issue may be uncovered. The results of interviews with cooperating co-defendants and other witnesses is not discoverable under Rule 16 but may constitute Jenks to be provided in accord with our office's standard policy of providing Jenks Act material and <u>Giglio</u> material 48 hours prior to trial. Of course, should any <u>Brady</u> material be discovered it will be immediately be provided to the defendant and counsel.

14. Names and last known addresses of any and all persons to whom mover allegedly intended to distribute Heroin as her part in the conspiracy to possess Heroin with the intent to distribute it charged in Count 1 of the Indictment.

Dates, times, locations and nature of meetings among the conspirators and while conspirators were acting alone are detailed in two sources previously provided to the defendant. First, the defendant has been provided with DEA 6s which document surveillance, controlled buys and other documented activities of the conspirators. Second, the defendant has been provided with a detailed summary of the case in a document title, "Factual Basis" which is attached to this government filing. Although the DEA 6s constitute Jenks Act material the government, as a matter of discresion has provided this material to all defendants and their counsel to assist in understanding this case. As the government debriefs cooperating co-defendants and other witnesses other information

related to this issue may be uncovered. The results of interviews with cooperating co-defendants and other witnesses is not discoverable under Rule 16 but may constitute Jenks to be provided in accord with our office's standard policy of providing Jenks Act material and <u>Giglio</u> material 48 hours prior to trial. Of course, should any <u>Brady</u> material be discovered it will be immediately be provided to the defendant and counsel. Researching addresses of DEA targets not contained in DEA 6s is not required by Rule 16.

15. Precise role and activity that mover is alleged to have performed in the conspiracy

Dates, times, locations and nature of meetings among the conspirators and while conspirators were acting alone are detailed in two sources previously provided to the defendant. First, the defendant has been provided with DEA 6s which document surveillance, controlled buys and other documented activities of the conspirators. Second, the defendant has been provided with a detailed summary of the case in a document title, "Factual Basis" which is attached to this government filing. Although the DEA 6s constitute Jenks Act material the government, as a matter of discresion has provided this material to all defendants and their counsel to assist in understanding this case. As the government debriefs cooperating co-defendants and other witnesses other information related to this issue may be uncovered. The results of interviews with cooperating co-defendants and other witnesses is not discoverable under Rule 16 but may constitute Jenks to be provided in accord with our office's standard policy of providing Jenks Act material and <u>Giglio</u> material 48 hours prior to trial. Of course, should any <u>Brady</u> material be discovered it will be immediately be provided to the defendant and counsel. Researching addresses of DEA targets not contained in DEA 6s is not required by Rule 16.

16. First event and last event upon which the Government intends to rely as proof of mover's active participation in the conspiracy charged in Count 1 of the Indictment.

Dates, times, locations and nature of meetings among the conspirators and while conspirators were acting alone are detailed in two sources previously provided to the defendant. First, the defendant has been provided with DEA 6s which document surveillance, controlled buys and other documented activities of the conspirators. Second, the defendant has been provided with a detailed summary of the case in a document title, "Factual Basis" which is attached to this government filing. Although the DEA 6s constitute Jenks Act material the government, as a matter of discresion has provided this material to all defendants and their counsel to assist in understanding this case. As the government debriefs cooperating co-defendants and other witnesses other information related to this issue may be uncovered. The results of interviews with cooperating co-defendants and other witnesses is not discoverable under Rule 16 but may constitute Jenks to be provided in accord with our office's standard policy of providing Jenks Act material and <u>Giglio</u> material 48 hours prior to trial. Of course, should any <u>Brady</u> material be discovered it will be immediately be provided to the defendant and counsel. Researching addresses of DEA targets not contained in DEA 6s is not required by Rule 16.

17. Any acts which will be used to indicate knowledge or intent on the part of mover to conspire to possess Heroin with *the intent to distribute it.*

**Dates, times, locations and nature of meetings among the conspirators and while conspirators were acting alone are detailed in two sources previously provided to the defendant. First, the defendant has been provided with DEA 6s which document surveillance, controlled buys and other documented activities of the conspirators. Second, the defendant has been provided with a detailed summary of the case in a document title, "Factual Basis" which is attached to this government filing. Although the DEA 6s constitute Jenks Act material the government, as a matter of discresion, has provided this material to all defendants and their counsel to assist in understanding this case. As the government debriefs cooperating co-defendants and other witnesses other information related to this issue may be uncovered. The results of interviews with cooperating co-defendants and other witnesses is not discoverable under Rule 16 but may constitute Jenks to be provided in accord with our office's standard policy of providing Jenks Act material and <u>Giglio</u> material 48 hours prior to trial. Of course, should any <u>Brady</u> material be discovered it will be immediately be provided to the defendant and counsel. Researching addresses of DEA targets not contained in DEA 6s is not required by Rule 16.**

18. Any acts, other than those acts described within the Indictment, which the Government intends to prove mover performed as a participant in or in furtherance of the Conspiracy charged in Count 1.

**Dates, times, locations and nature of meetings among the conspirators and while conspirators were acting alone are detailed in two sources previously provided to the defendant. First, the defendant has been provided with DEA 6s which document surveillance, controlled buys and other documented activities of the conspirators. Second, the defendant has been provided with a detailed summary of the case in a document title, "Factual Basis" which is attached to this government filing. Although the DEA 6s constitute Jenks Act material the government, as a matter of discresion has provided this material to all defendants and their counsel to assist in understanding this case. As the government debriefs cooperating co-defendants and other witnesses other information related to this issue may be uncovered. The results of interviews with cooperating co-defendants and other witnesses is not discoverable under Rule 16 but may constitute Jenks to be provided in accord with our office's standard policy of providing Jenks Act material and <u>Giglio</u> material 48 hours prior to trial. Of course, should any <u>Brady</u> material be discovered it will be immediately be provided to the defendant and counsel. Researching addresses of DEA targets not contained in DEA 6s is not required by Rule 16.**

19. Identity of any and all persons present at material transactions involving mover.

**Dates, times, locations and nature of meetings among the conspirators and while conspirators were acting alone are detailed in two sources previously provided to the**

defendant. First, the defendant has been provided with DEA 6s which document surveillance, controlled buys and other documented activities of the conspirators. Second, the defendant has been provided with a detailed summary of the case in a document title, "Factual Basis" which is attached to this government filing. Although the DEA 6s constitute Jenks Act material the government, as a matter of discresion has provided this material to all defendants and their counsel to assist in understanding this case. As the government debriefs cooperating co-defendants and other witnesses other information related to this issue may be uncovered. The results of interviews with cooperating co-defendants and other witnesses is not discoverable under Rule 16 but may constitute Jenks to be provided in accord with our office's standard policy of providing Jenks Act material and Giglio material 48 hours prior to trial. Of course, should any Brady material be discovered it will be immediately be provided to the defendant and counsel. Researching addresses of DEA targets not contained in DEA 6s is not required by Rule 16.

20. Names and last known addresses of any and all persons to whom mover allegedly distributed Heroin, and precise date, time and location of each such distribution.

Dates, times, locations and nature of meetings among the conspirators and while conspirators were acting alone are detailed in two sources previously provided to the defendant. First, the defendant has been provided with DEA 6s which document surveillance, controlled buys and other documented activities of the conspirators. Second, the defendant has been provided with a detailed summary of the case in a document title, "Factual Basis" which is attached to this government filing. Although the DEA 6s constitute Jenks Act material the government, as a matter of discresion has provided this material to all defendants and their counsel to assist in understanding this case. As the government debriefs cooperating co-defendants and other witnesses other information related to this issue may be uncovered. The results of interviews with cooperating co-defendants and other witnesses is not discoverable under Rule 16 but may constitute Jenks to be provided in accord with our office's standard policy of providing Jenks Act material and Giglio material 48 hours prior to trial. Of course, should any Brady material be discovered it will be immediately be provided to the defendant and counsel. Researching addresses of DEA targets not contained in DEA 6s is not required by Rule 16.

21. Precise description, date, time and location of each act the proof of which the Government intends to introduce in evidence against mover and in which mover was allegedly a direct participant.

Dates, times, locations and nature of meetings among the conspirators and while conspirators were acting alone are detailed in two sources previously provided to the defendant. First, the defendant has been provided with DEA 6s which document surveillance, controlled buys and other documented activities of the conspirators. Second, the defendant has been provided with a detailed summary of the case in a document title, "Factual Basis" which is attached to this government filing. Although the DEA 6s

constitute Jenks Act material the government, as a matter of discresion has provided this material to all defendants and their counsel to assist in understanding this case. As the government debriefs cooperating co-defendants and other witnesses other information related to this issue may be uncovered. The results of interviews with cooperating co-defendants and other witnesses is not discoverable under Rule 16 but may constitute Jenks to be provided in accord with our office's standard policy of providing Jenks Act material and <u>Giglio</u> material 48 hours prior to trial. Of course, should any <u>Brady</u> material be discovered it will be immediately be provided to the defendant and counsel. Researching addresses of DEA targets not contained in DEA 6s is not required by Rule 16.

22. Precise description of all locations encompassed within the allegation in Count 1 that the charged conspiracy occurred "in the Eastern District of Louisiana *and elsewhere* ".

**Dates, times, locations and nature of meetings among the conspirators and while conspirators were acting alone are detailed in two sources previously provided to the defendant. First, the defendant has been provided with DEA 6s which document surveillance, controlled buys and other documented activities of the conspirators. Second, the defendant has been provided with a detailed summary of the case in a document title, "Factual Basis" which is attached to this government filing.** Although the DEA 6s constitute Jenks Act material the government, as a matter of discresion has provided this material to all defendants and their counsel to assist in understanding this case. As the government debriefs cooperating co-defendants and other witnesses other information related to this issue may be uncovered. The results of interviews with cooperating co-defendants and other witnesses is not discoverable under Rule 16 but may constitute Jenks to be provided in accord with our office's standard policy of providing Jenks Act material and <u>Giglio</u> material 48 hours prior to trial. Of course, should any <u>Brady</u> material be discovered it will be immediately be provided to the defendant and counsel. Researching addresses of DEA targets not contained in DEA 6s is not required by Rule 16.

23. Precise description of the date, time and location of the offensive conduct charged in Count 19 of the Indictment.

**Dates, times, locations and nature of meetings among the conspirators and while conspirators were acting alone are detailed in two sources previously provided to the defendant. First, the defendant has been provided with DEA 6s which document surveillance, controlled buys and other documented activities of the conspirators. Second, the defendant has been provided with a detailed summary of the case in a document title, "Factual Basis" which is attached to this government filing.** Although the DEA 6s constitute Jenks Act material the government, as a matter of discresion has provided this material to all defendants and their counsel to assist in understanding this case. As the government debriefs cooperating co-defendants and other witnesses other information related to this issue may be uncovered. The results of interviews with cooperating co-defendants and other witnesses is not discoverable under Rule 16 but may constitute Jenks

to be provided in accord with our office's standard policy of providing Jenks Act material and Giglio material 48 hours prior to trial. Of course, should any Brady material be discovered it will be immediately be provided to the defendant and counsel. Researching addresses of DEA targets not contained in DEA 6s is not required by Rule 16.

24. Precise amount of Heroin allegedly possessed by mover as charged in Count 19 of the Indictment.

See DEA 7 (Lab report) previously provided to the defendant regarding the forensic testing, including the weight, of the seized heroin.

25. Names and addresses of any and all persons to whom mover allegedly intended to distribute the Heroin she allegedly possessed as charged in Count 19 of the Indictment.

**Dates, times, locations and nature of meetings among the conspirators and while conspirators were acting alone are detailed in two sources previously provided to the defendant. First, the defendant has been provided with DEA 6s which document surveillance, controlled buys and other documented activities of the conspirators. Second, the defendant has been provided with a detailed summary of the case in a document title, "Factual Basis" which is attached to this government filing. Although the DEA 6s constitute Jenks Act material the government, as a matter of discresion, has provided this material to all defendants and their counsel to assist in understanding this case. As the government debriefs cooperating co-defendants and other witnesses other information related to this issue may be uncovered. The results of interviews with cooperating co-defendants and other witnesses is not discoverable under Rule 16 but may constitute Jenks to be provided in accord with our office's standard policy of providing Jenks Act material and Giglio material 48 hours prior to trial. Of course, should any Brady material be discovered it will be immediately be provided to the defendant and counsel. Researching addresses of DEA targets not contained in DEA 6s is not required by Rule 16.**

26. Precise date, time and location of mover's alleged use of a telephone as charged in Count 30 of the Indictment.

**Dates, times, locations and nature of meetings among the conspirators and while conspirators were acting alone are detailed in two sources previously provided to the defendant. First, the defendant has been provided with DEA 6s which document surveillance, controlled buys and other documented activities of the conspirators. Second, the defendant has been provided with a detailed summary of the case in a document title, "Factual Basis" which is attached to this government filing. Although the DEA 6s constitute Jenks Act material the government, as a matter of discresion has provided this material to all defendants and their counsel to assist in understanding this case. As the government debriefs cooperating co-defendants and other witnesses other information related to this issue may be uncovered. The results of interviews with cooperating co-**

defendants and other witnesses is not discoverable under Rule 16 but may constitute Jenks to be provided in accord with our office's standard policy of providing Jenks Act material and Giglio material 48 hours prior to trial. Of course, should any Brady material be discovered it will be immediately be provided to the defendant and counsel. Researching addresses of DEA targets not contained in DEA 6s is not required by Rule 16.

27. Precise description (i.e., telephone number and physical location) of the telephone allegedly used by mover as charged in Count 30 of the Indictment. 28.

Dates, times, locations and nature of meetings among the conspirators and while conspirators were acting alone are detailed in two sources previously provided to the defendant. First, the defendant has been provided with DEA 6s which document surveillance, controlled buys and other documented activities of the conspirators. Second, the defendant has been provided with a detailed summary of the case in a document title, "Factual Basis" which is attached to this government filing. Although the DEA 6s constitute Jenks Act material the government, as a matter of discresion has provided this material to all defendants and their counsel to assist in understanding this case. As the government debriefs cooperating co-defendants and other witnesses other information related to this issue may be uncovered. The results of interviews with cooperating co-defendants and other witnesses is not discoverable under Rule 16 but may constitute Jenks to be provided in accord with our office's standard policy of providing Jenks Act material and Giglio material 48 hours prior to trial. Of course, should any Brady material be discovered it will be immediately be provided to the defendant and counsel. Researching addresses of DEA targets not contained in DEA 6s is not required by Rule 16.

28. Precise description of the manner in which mover allegedly "commit[ed], cans[ed] and facilitat[ed] the commission of a violation of 21 USC 841(a)(1) and $46, all in violation of 21 USC 843(b) and 18 USC 2, as charged in Count 30 of the Indictment.

Dates, times, locations and nature of meetings among the conspirators and while conspirators were acting alone are detailed in two sources previously provided to the defendant. First, the defendant has been provided with DEA 6s which document surveillance, controlled buys and other documented activities of the conspirators. Second, the defendant has been provided with a detailed summary of the case in a document title, "Factual Basis" which is attached to this government filing. Although the DEA 6s constitute Jenks Act material the government, as a matter of discresion has provided this material to all defendants and their counsel to assist in understanding this case. As the government debriefs cooperating co-defendants and other witnesses other information related to this issue may be uncovered. The results of interviews with cooperating co-defendants and other witnesses is not discoverable under Rule 16 but may constitute Jenks to be provided in accord with our office's standard policy of providing Jenks Act material and Giglio material 48 hours prior to trial. Of course, should any Brady material be discovered it will be immediately be provided to the defendant and counsel. Researching

**addresses of DEA targets not contained in DEA 6s is not required by Rule 16.**

29. Any other facts, information or evidence necessary to inform mover of the nature and cause of 4 the accusation in this case, or which would be helpful to her in the preparation of her defense thereto.

**Dates, times, locations and nature of meetings among the conspirators and while conspirators were acting alone are detailed in two sources previously provided to the defendant. First, the defendant has been provided with DEA 6s which document surveillance, controlled buys and other documented activities of the conspirators. Second, the defendant has been provided with a detailed summary of the case in a document title, "Factual Basis" which is attached to this government filing. Although the DEA 6s constitute Jenks Act material the government, as a matter of discresion has provided this material to all defendants and their counsel to assist in understanding this case. As the government debriefs cooperating co-defendants and other witnesses other information related to this issue may be uncovered. The results of interviews with cooperating co-defendants and other witnesses is not discoverable under Rule 16 but may constitute Jenks to be provided in accord with our office's standard policy of providing Jenks Act material and Giglio material 48 hours prior to trial. Of course, should any Brady material be discovered it will be immediately be provided to the defendant and counsel. Researching addresses of DEA targets not contained in DEA 6s is not required by Rule 16.**

The government stands ready to assist the defendant with a scheduled meeting to review the voluminous discovery material provided in this case, including a meeting with the case agents, the playing of Title III wire-tap intercepts and a discussion of the DEA 6s and Factual Basis provided as discovery in this case.

<div style="margin-left: 50%;">

Respectfully submitted,

JAMES B. LETTEN
UNITED STATES ATTORNEY

JOHN F. MURPHY
Assistant United States Attorney
500 Poydras Street, Suite 210B
New Orleans, LA 70130
Telephone: 680-3126

</div>

**CERTIFICATE OF SERVICE**
I certify that a copy of the foregoing has been served upon counsel for all parties by mailing the same to each, properly addressed and postage prepaid this 19 day of APR, 2005.

Assistant United States Attorney

13

# SEE RECORD FOR

# EXHIBITS

# OR

# ATTACHMENTS

# NOT SCANNED