

U.S. Department of Justice

*United States Attorney's Office*
*Eastern District of Louisiana*

---

*John F. Murphy*
*Assistant U.S. Attorney*

*Hale Boggs Federal Building*
*501 Magazine Street, Second Floor*
*New Orleans, Louisiana  70130*

*Telephone: (504) 680-3126*
*Facsimile: (504) 589-4393*

July 25, 2005

Honorable Lance M. Africk
United States District Judge
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana   70130

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  JUL 27 2005
LORETTA G. WHYTE
CLERK

Re:  **United States v. Karen Dawn Droulia**
     **Criminal Docket Number 05-020 "I"**

Dear Judge Africk:

In compliance with the holding of Bryan v. United States, 492 F.2d 775 (1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Karen Dawn Droulia, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Bernard J. Bagert, Jr., has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

The Government has filed a third superseding Bill of Information in the Eastern District of Louisiana against the defendant, Karen Dawn Droulia, charging her with violating Title 18, United States Code, Section 4. If the Court accepts the defendant's plea of guilty to Count 1 as charged, the government agrees not to charge the defendant in the Eastern District of Louisiana with any other crimes that occurred as of the date of this agreement that relate to defendant's participation in the criminal activities set forth in the Bill of Information. The government also agrees to move the Court to dismiss the indictment at the time of sentencing. The Court is not bound to dismiss the indictment as it applies to this defendant.

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

Honorable Lance M Africk
July 25, 2005
Page 2

This agreement does not affect the right to charge the defendant with any crime of violence, if any exists.

The defendant understands that the maximum penalty defendant may receive should her plea of guilty be ~~accepted~~, as to count 1, is three (3) years imprisonment and/or a fine of $250,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

The Government and the defendant have agreed to enter this plea agreement pursuant to Federal Rules of Criminal Procedure Rule 11(c)(1)(C) and have agreed that a specific sentence is appropriate in this case, to wit: one year (12 months) imprisonment. The defendant understands that the Court may accept or reject the Rule 11(c)(1)(C) agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the pre-sentence report as provided for in Fed. R. Crim. P. 11(c)(3)(A). The parties further agree that should the Court reject the specific sentence set forth above, or any of the terms of this plea agreement, the Government or the defendant has the option of declaring the plea agreement null and void.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

Further, the defendant understands that a mandatory special assessment fee of $100.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of at ~~least one~~ not more than (1) year. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be

Honorable Lance M. Africk
July 25, 2005
Page 3

revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal her sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and the defendant further agrees not to contest her sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment", Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

The defendant understands that she may have the right to request DNA testing of physical evidence in the government's possession and applicable to this case pursuant to Title 18, United States Code, Sections 3600 and 3600A. Pursuant to this agreement, the defendant knowingly and voluntarily waives and relinquishes any such right and fully understands that, as a result of this waiver, the defendant will not have another opportunity to have the physical evidence in this case submitted for DNA testing or to employ the results of DNA testing to support any claim of innocence regarding the offenses to which the defendant is pleading guilty. In addition, the defendant also understands that the government may dispose of such evidence upon the defendant's entering a plea of guilty.

This plea agreement is predicated upon the fact that the defendant agrees to submit to interviews whenever and wherever requested by law enforcement authorities. The defendant understands she must be completely truthful. The defendant also agrees to appear before any Grand Jury or trial jury and to testify truthfully. The defendant understands if she is not truthful, this

Honorable Lance M. Africk
July 25, 2005
Page 4

agreement will be null and void and defendant may be prosecuted for perjury or making false statements. The defendant agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The defendant further agrees to immediately advise the Government as to any person defendant believes to be violating the law and defendant agrees to assist the Government with regard to the investigation and prosecution of criminal conduct.

    The Government agrees to bring to the attention of the Court any cooperation rendered by the defendant prior to sentencing. The United States may, but shall not be required to make a motion or provide a letter to the Court requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines. It shall be in the sole discretion of the United States Attorney as to whether a motion requesting the Court to impose a sentence below the sentence stipulated in this agreement.

    The Government also agrees that any statements or testimony given by the defendant pursuant to questions asked by federal agents or prosecutors as a result of this agreement will not be used against the defendant except for the purpose of impeachment. However, all parties understand that any statements or testimony given by the defendant can be used as leads or for any other reason against other persons. Further, the defendant fully understands that should she commit perjury or give false statements to federal agents, the statements and testimony can be used to prove those offenses, and she faces additional criminal charges.

    The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in assets constituting or derived from proceeds the defendants obtained directly or indirectly as a result of the violations to which she is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violations to which defendant is pleading guilty. The defendant further agrees not to contest the administrative, civil or criminal forfeiture of any such assets. These assets include, but are not limited to, any assets charged in the Bill of Information or any Bill of Particulars filed by the United States. The defendant agrees that any asset charged in the Bill of Information or Bill of Particulars is forfeitable as proceeds of the illegal activity for which she is pleading guilty.

Honorable Lance M. Africk
July 25, 2005
Page 5

The defendant further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within her possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

JIM LETTEN
UNITED STATES ATTORNEY

JOHN F. MURPHY
Assistant United States Attorney   July 2005

_____   7-27-05
Karen Dawn Droulia            Date
Defendant

_____   7/27/05
BERNARD J. BAGERT, JR.       Date
Counsel for Defendant